**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE AQUINO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF DELANEY HALL DETENTION FACILITY, *et al.*,<br><br>Respondents. | Civil Action No. 26-13725 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Jose Aquino's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, alleging that he is unlawfully detained in violation of his constitutional rights. (*See* ECF No. 1.) On October 29, 2026, Respondents filed a letter submitting that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and was scheduled for a bond hearing before an immigration judge ("IJ"). (ECF No. 4.)

Petitioner, a native of the Dominican Republic, entered the United States on or about December 25, 2022. (ECF No. 4 at 1.) On October 17, 2026, Immigration and Customs Enforcement ("ICE") officers issued Petitioner a Notice to Appear and detained him on an I-200 arrest warrant. (*Id.*; ECF No. 4-1; ECF No. 4-2.) On October 21, 2026, Petitioner filed the instant Petition arguing that he is unlawfully detained in violation of his constitutional rights. (*See generally* ECF No. 1.) Respondents filed an expedited response submitting that Petitioner is lawfully detained under § 1226(a). (ECF No. 4.) On November 13, 2026, Respondents informed the Court that Petitioner received a bond hearing, where an IJ granted Petitioner's release on bond. (ECF No. 5.)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under 8 U.S.C. § 1226(a), which authorizes the Government to detain, conditionally parole, or release a non-citizen pending their removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). Creating "statutory rights associated with a given immigration status falls exclusively within the purview of Congress." *Osorio-Martinez v. Att'y Gen. U.S.*, 893 F.3d 153, 172 (3d Cir. 2018). § 1226 and its implementing regulations require the Government to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, when the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an IJ and appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). *See, e.g.*, *Borbot*, 906 F.3d at 278–79; 8 C.F.R. § 1236.1(d)(1) (non-citizens detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a

bond hearing before an IJ). At a bond hearing, the non-citizen has the burden of proving he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

Petitioner has received a bond hearing as required under § 1226(a) and has been granted release on bond. As Petitioner has received the process owed to a non-citizen detained under § 1226(a), the Court will deny the Petition. Accordingly,

**IT IS**, on this 16th day of November 2026,

**ORDERED** that Petitioner's Petition (ECF No. 1) is **DENIED** ***without prejudice***; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail and upon Respondents electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**